IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *SHARELL MARSHALL*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *TRUEACCORD CORP.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Sharell Marshall, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Debt Collection Practices Act and its progeny prohibit debt collectors from seeking payment for debts without making clear disclosures when the law prohibits the debt collector from suing or from reporting that debt to credit reporting agencies. In the case at bar, Debt Collector-Defendant TrueAccord Corp. sought payment from Ms. Sharell Marshall, but failed to disclose that the law prohibited TrueAccord Corp. from suing or from reporting that debt. Thus, Defendant TrueAccord Corp. violated the FDCPA.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because this case arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events and omissions giving rise to this action occurred within the Eastern Division.

**Parties.**

3) Plaintiff Sharell Marshall is a "consumer" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(3); and Sharell Marshall resides within the Eastern Division.

4) Defendant TrueAccord Corp. is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(6).

5) Defendant TrueAccord Corp. is also a Corporation organized in the State of Delaware and authorized to transact business in Illinois.

**Factual Allegations.**

6) Like millions of other Americans, Ms. Sharell Marshall has incurred significant consumer debts, she has struggled to service all of her consumer debts, and she eventually became delinquent with respect to some consumer debts, including a consumer debt to LVNV Funding.

7) Debt Collector-Defendant TrueAccord Corp. eventually began collecting on Ms. Marshall's consumer debt to LVNV Funding.

8) In Defendant TrueAccord Corp.'s communication with Ms. Marshall, the Defendant asserted that the Defendant had an important message for Ms. Marshall, stated that Ms. Marshall owed a balance of $1,615.80 to LVNV Funding, and urged Ms. Marshall to pay through Defendant TrueAccord.

9) However, Defendant TrueAccord's communications failed to disclose that TrueAccord could not sue Ms. Marshall or that TrueAccord could not report that debt to credit reporting agencies.

10) Because of Defendant TrueAccord's failure to disclose that TrueAccord could not sue or report the debt, Ms. Marshall, *inter alia*, used her personal time to deal with this debt. Had

Defendant TrueAccord disclosed that TrueAccord could not sue or report the debt, Ms. Marshall would not have done anything to deal with that debt.

## Cause of Action.

### Count One (15 U.S.C. § 1692e).

11) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means." A debt collector uses deceptive or misleading representations or means by seeking payment on a debt without making disclosures, in "clear, accessible, and unambiguous" language, when the law prohibits the debt collector from suing for that debt or from reporting that debt to credit reporting agencies. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017).

12) Defendant TrueAccord violated Section 1692e by urging Ms. Marshall to pay Defendant TrueAccord for a debt without disclosing that Defendant TrueAccord could not sue or report that debt.

## Prayer for Relief.

WHEREFORE, Sharell Marshall respectfully prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant TrueAccord) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

       Respectfully submitted,
       Plaintiff's, Sharell Marshall's, Counsel
       North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*
       Paúl Camarena, Esq.
       500 So. Clinton, No. 132
       Chicago, IL 60607
       paulcamarena@paulcamarena.com
       (312) 493-7494